IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK PARCHMENT, #36068-177, | § | |
|     Movant, | § | |
| | § | |
| v. | § | 3:10-CV-0681-N |
| | § | (3:06-CR-377-N) |
| UNITED STATES OF AMERICA. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Movant is presently confined within the Bureau of Prisons at FCI El Reno, in El Reno, Oklahoma. The court did not issue process in this case pending preliminary screening.

Statement of the Case:  Movant pled guilty to conspiracy to distribute methamphetamine and the District Court sentenced him to 151 months imprisonment and a supervised release term of four years. *See United States v. Parchment*, No. 3:06-CR-0377-N(01) (N.D. Tex. Apr. 2, 2007), *app. dism. as frivolous*, No. 07-10440 (5th Cir. Oct. 20, 2009).

In his timely § 2255 motion, Movant raises one ground of ineffective assistance of counsel at sentencing.

Findings and Conclusions:  This case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2255 Proceedings in the United States District Courts. That rule

provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* Rule 4(b), of the Rules Governing Section 2255 Proceedings.

A defendant, seeking habeas corpus relief on the ground of ineffective assistance of counsel, must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984). In the case of ineffective assistance at sentencing, the defendant must demonstrate that the sentence was increased by the deficient performance of his defense attorney. *Glover v. United States,* 531 U.S. 198, 200, 203-04 (2001). The court need not address both components of the *Strickland* test if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

Movant asserts counsel failed to object at sentencing to the two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). He explains that "[h]ad counsel lodged a proper objection this Petitioner would have scored two levels short of the final findings by the Court, which in effect would have produced a lower sentence." (§ 2255 Mot. at 5.)

Contrary to Movant's assertion, counsel could not have raised a valid objection to the two level enhancement for possession of a dangerous weapon. Section 2D1.1(b)(1) allows a two-level increase in the base offense level "[i]f a dangerous weapon (including a firearm) was possessed" during commission of the offense. During sentencing, defense counsel correctly noted that the two level enhancement for possession of a dangerous was well supported in the

case law and the Presentence Report (PSR).  (Sent. Tr. at 7-8.)  An inventory of the Chevrolet Tahoe, which Movant entered during the drug transaction, revealed a loaded semiautomatic pistol between the driver's seat and the center console of the vehicle.  (PSR ¶¶ 14 and 16.)  The commentary to § 2D1.1(b)(1) provides that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3).  *See United States v. Hooten,* 942 F.2d 878, 882 (5th Cir. 1991) (to meet its burden under § 2D1.1(b)(1), the government must show that "the defendant personally possessed the weapon by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant."   Alternatively, "when another individual involved in the commission of an offense possessed the weapon, the government must show that the defendant could have reasonably foreseen that possession.").

Clearly defense counsel was not required to raise a frivolous objection to the two-level enhancement for possession of a dangerous weapon under § 2D1.1(b).  *See United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness....").  Accordingly, Movant's sole ground for relief is without merit.

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be DISMISSED summarily pursuant to Rule 4 of the Rules Governing § 2255 proceedings in the U.S. District Court.

It is further recommended that Movant's motion to proceed *in forma pauperis* be DENIED as moot because there is no filing fee in a § 2255 case.

3

Signed this 13th day of April, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.